**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JEAN BERNARD GERMAIN,
Plaintiff-Appellant,

v.

No. 99-6979

LOUIS RUZICKA, Captain; EDWARD
TAMES, Sergeant,
Defendants-Appellees.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CA-98-3264-MJG)

Submitted: December 22, 1999

Decided: February 8, 2000

Before MURNAGHAN, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jean Bernard Germain, Appellant Pro Se. John Joseph Curran, Jr.,
Attorney General, Glenn William Bell, OFFICE OF THE ATTOR-
NEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appel-
lees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jean Germain appeals the district court's order denying relief on his 42 U.S.C.A. § 1983 (West Supp. 1999) complaint. We affirm on other grounds the district court's grant of summary judgment in favor of Appellees, and the dismissal of Germain's action.

Germain, a prisoner committed to the custody of the Commissioner of Correction of the State of Maryland, filed a complaint naming as Defendants Louis Ruzicka, Captain, and Edward Sergeant Tames, Sergeant, of the Maryland House of Correction Annex. Germain claims that Captain Ruzicka and Sergeant Tames used unnecessary force against him during a prison disturbance, resulting in the violation of his civil rights. Specifically, he claims that Sergeant Tames sprayed mace into his cell while he watched the prison disturbance from the window of his locked cell, and that Captain Ruzicka struck him several times with a baton and kicked him while Ruzicka was moving Germain from his cell to relocate him. Germain also claims that Sergeant Tames sprayed mace at him a second time after he had been relocated to an area away from the disturbance, and while he was locked in a cell and restrained. Germain contends that at all times during these incidents he was compliant with correctional officers; the parties agree that it was ultimately determined that Germain was not involved in the disturbance. Germain claims that the mace allegedly sprayed by Sergeant Tames caused Germain to suffer a continuous severe headache for approximately two weeks, and that the incident with Captain Ruzicka allegedly using the baton caused Germain to lose his breath.

Summary judgment materials reflect that on May 7, 1997, a major prison disturbance occurred, resulting in serious injury to staff, including the stabbing of two correctional officers, and major property damage. The worst of the disturbance occurred in D-building, D-

2

wing, where Germain was housed. Teams of correctional officers moved from area to area, attempting to secure the inmates and regain control of the prison. According to incident reports, order was restored only when gas canisters were eventually used and the inmates surrendered from the effects of the gas. Captain Ruzicka and Sergeant Tames, by affidavit, deny knowing Germain, and deny assaulting him on the day of the disturbance either physically or with mace.

Medical records reflect that none of the inmates evacuated out of D-wing complained of any injury or illness immediately after the incident. Six days after the incident, Germain filed a sick call request, complaining of a "nonstop headache" and a runny nose, and attributing his problems to the "chemical stuff the officers were shooting on the tier." Germain's exam was essentially normal and Tylenol was prescribed. A week later, Germain voiced the same complaint; he was treated similarly. He requested no further medical attention. In his affidavit submitted in response to the motion for summary judgment, Germain admitted that he sought no further medical attention, and attested that he experienced severe headache pain which resolved approximately two weeks following the incident.

In granting summary judgment, the district court held that, under the particular facts of this case, the use of chemical agents, even on inmates in their cells, clearly was not excessive. It further held that, as to Germain's allegations that Captain Ruzicka struck and kicked him causing Germain to lose his breath, the claimed injury was clearly de minimis, such that recovery is precluded.

We review de novo the district court's decision to grant summary judgment. See Halperin v. Abacus Technology Corp., 128 F.3d 191, 196 (4th Cir. 1997). Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

3

To succeed on this claim of excessive force, Germain must show that Defendants "inflicted unnecessary and wanton pain and suffering." Whitley v. Albers, 475 U.S. 312, 320 (1986); see also Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). The proper inquiry is whether the force applied was "in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21 (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)). When reviewing a claim that the use of mace constituted excessive force, "[t]he question of liability turns upon the circumstances in which the mace was used." Justice v. Dennis, 834 F.2d 380, 383 (4th Cir. 1987) (en banc), vacated on other grounds, 490 U.S. 1087 (1989).

In Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994) (en banc), we held that "absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is de minimis." Id. at 1263 (citing Hudson v. McMillian, 503 U.S. 1 (1992)). Extraordinary circumstances are present when "the force used [is] of a sort repugnant to the conscience of mankind . . . or the pain itself [is] such that it can properly be said to constitute more than de minimis injury." Id. at 1263 n.4 (internal citations and quotation marks omitted).

Addressing Germain's excessive force claims against Captain Ruzicka first, we find proper the district court's determination that the complaint against Captain Ruzicka is without merit. Germain's sole claim of injury resulting from Captain Ruzicka's alleged use of force, that he got the breath knocked out of him, clearly is de minimis. See Norman v. Taylor, 25 F.3d at 1263.

The district court's dismissal of Germain's claims against Sergeant Tames on the ground that the use of mace under these circumstances was not excessive presents a closer question on summary judgment. However, even assuming, arguendo, that there is a genuine issue of material fact as to whether Sergeant Tames behaved maliciously or sadistically when he allegedly used mace against Germain after Germain was restrained in an area away from the disturbance, we find that Germain has failed to show that the injuries which resulted from the alleged force are more than de minimis. See Riley v. Dorton, 115 F.3d 1159, 1166 (4th Cir. 1997) (en banc) (holding that a plaintiff

4

cannot prevail on a § 1983 excessive force claim if his injury is de minimis).

Although Germain now claims that he was in severe pain, he does not dispute that he denied pain or injury on the day of the disturbance, that he failed to file a request for medical treatment until almost a week after the incident, or that minimal medical treatment was required or prescribed for his injuries. Moreover, the headache dissipated within two weeks of its onset. On these facts, no reasonable jury could conclude that Germain's injuries were more than de minimis. See Anderson, 477 U.S. at 248 (holding that summary judgment is appropriate "if the evidence is such that a reasonable jury could [not] return a verdict for the nonmoving party").

In conclusion, we find that Germain failed to demonstrate anything more than de minimis injuries at the hands of either Captain Ruzicka or Sergeant Tames, and that such de minimis injury is insufficient to state a cognizable § 1983 claim under Norman v. Taylor. Accordingly, we affirm the district court's grant of summary judgment for Defendants and its dismissal of Germain's complaint. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED ON OTHER GROUNDS

5